UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
In re

Science, Language, and Arts
International School,

Chapter 7
Case No.: 22-40065-ess

Debtor.

----------------------------------------------------x

Richard J. McCord, Esq., the Chapter 7
Trustee of Science, Language, and Arts
International School a/k/a Science Language
and Arts

Adv. Pro. No. 22-01069-ess

Plaintiff,

-against-

Jennifer Wilkin
Margaret Reimann
Kristie Blasé
Christian Whitted
Maria Guigue
Brett James

Defendants.

----------------------------------------------------x

**MEDIATION REFERRAL ORDER**

WHEREAS, on January 13, 2022, Science, Language, and Arts International School filed a voluntary petition under for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on January 13, 2022, Richard J. McCord was appointed the Chapter 7 Trustee in this case; and

WHEREAS, on August 31, 2022, the Chapter 7 Trustee (the “Plaintiff”) commenced an adversary proceeding by filing a complaint (the “Complaint”) against Jennifer Wilkin, Margaret

Reimann, Kristie Blasé, Christian Whitted, Maria Guigue, and Brett James (the "Defendants"); and

WHEREAS, on October 24, 2022, the Court entered a stipulation and order extending the Defendants' time to file an respond to the Complaint; and

WHEREAS, on November 1, 2022, the Court held a pre-trial conference in this adversary proceeding, at which the Plaintiff and the Defendants appeared and were heard; and

WHEREAS, as set forth on the record of the November 1, 2022 hearing, the Court shall refer this matter to mediation.

NOW THEREFORE, it is hereby

ORDERED, that, on consent, the parties are referred to mediation pursuant to Rule 9019-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York; and it is further

ORDERED, that, on consent, Pierre F. de Ravel d'Esclapon is appointed as the mediator; and it is further

ORDERED, that the mediator shall serve on a pro bono basis; and it is further

ORDERED, that on or before December 16, 2022, the parties shall submit a stipulation and mediation order (a proposed form of which is annexed hereto) to be so-ordered by this Court, which authorizes the appointment of Pierre F. de Ravel d'Esclapon as mediator and sets forth the terms of the mediation; and it is further

ORDERED, that an individual with final authority to settle this controversy and to bind the party shall attend the mediation on behalf of each party.

**Dated: Brooklyn, New York**
**December 8, 2022**

Elizabeth S. Stong
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re

Science, Language, and Arts
International School,

Chapter 7
Case No.: 22-40065-ess

Debtor.

-----------------------------------------------------x

Richard J. McCord, Esq., the Chapter 7
Trustee of Science, Language, and Arts
International School a/k/a Science Language
and Arts

Adv. Pro. No. 22-01069-ess

Plaintiff,

-against-

Jennifer Wilkin
Margaret Reimann
Kristie Blasé
Christian Whitted
Maria Guigue
Brett James

Defendants.

-----------------------------------------------------x

## STIPULATION AND PRO BONO MEDIATION ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").
2. The parties jointly accept Pierre F. de Ravel d'Esclapon to provide mediation services to them (the "Mediator").
3. The Mediation shall be non-binding.
4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator shall serve on a pro bono basis.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: ___________________________

| | |
|---|---|
| Richard J. McCord, Esq., the Chapter 7 Trustee | Attorney for Richard J. McCord, Esq., the Chapter 7 Trustee |
| Jennifer Wilkin | Attorney for Jennifer Wilkin |
| Margaret Reimann | Attorneys for Margaret Reimann |
| Kristie Blase | Attorneys for Kristie Blase |
| Christian Whitted | Attorney for Christian Whitted |
| Maria Guigue | Attorneys for Maria Guigue |
| Brett James | Attorneys for Brett James |

Consented to:

Mediator

TO:

Science, Language, and Arts International School
9 Hanover Place
Brooklyn, NY 11201

James Bentley
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166

Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

Jennifer Wilkin
528 Putnam Avenue
Apartment 2
Brooklyn, NY 11221

Margaret Reimann
162 Graham Lane
Bedford, PA 15522

Robert Modica
COFFEY MODICA OMEARA CAPOWSKI, LLP
200 East Post Road
Suite 210
White Plains, NY 10601

Kristie Blase
47 Cumberland Street
Brooklyn, NY 11205

Christian Whitted
971 Jerome Street
Brooklyn, NY 11207

Maria Guigue
255 McKibbin Street
Apartment 2
Brooklyn, NY 11206

Brett James
435 Broadway
# 305
Brooklyn, NY 11211